LEONARD J. MCDONALD (SBN 014228)
KEVIN P. NELSON (SBN 023381)

**TB TIFFANY & BOSCO** P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-MAIL: ljm@tblaw.com
kpn@tblaw.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK
AND LEHMAN BROTHERS BANK, FSB

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY, | (Chapter 11) |
| Plaintiff, | Case No. 2:09-bk-06979-RTBP |
| vs. | **Adv. No. 2:09-ap-01731-RTBP** |
| WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE (WELLS FARGO); LEHMAN BROTHERS BANK FSB (LEHMAN BROTHERS); FIRST AMERICAN TITLE INSURANCE COMPANY (FIRST AMERICAN); JOHN DOES "1-1000", | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' WELLS FARGO BANK, N.A. AND LEHMAN BROTHERS BANK, FSB'S MOTION TO DISMISS AMENDED COMPLAINT** |
| Defendants. | |

Defendants Wells Fargo Bank NA a/k/a Wells Fargo Home Mortgage (Wells Fargo), whose true name is Wells Fargo Bank, N.A. ("Wells"), and Lehman Brothers Bank, FSB ("Lehman") (collectively the "Defendants"), by and through counsel undersigned, hereby reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint.

Plaintiff Andrew C. Bailey's ("Bailey") Memorandum in Opposition to the Defendants' Motion to Dismiss Amended Complaint (the "Response") is based on

nothing more than mere conjecture. In addition to the reasons set forth in the Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Bank. P. 7012, the Defendants should be dismissed for the following reasons:

1) The Response is based on nothing more than mere conjecture which should not be considered by the Court.

2) The Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order (the "Complaint") does not challenge the validity, priority or extent of the lien at issue.

3) Lehman has a documented interest in the property at issue (the "Property") that may be enforced by Wells.

4) Bailey offers no legitimate argument in opposition to that set forth by the Defendants in the Motion.

This Reply is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Legal Argument**

**1. The Response is based on nothing more than mere conjecture which should not be considered by the Court.**

Other than citation to procedural rules, the Response consists of little more than unsworn and unproven assertions. Bailey's conjecture in the Response does nothing to support his claims. *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev. 2002) (citation omitted); *see also Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1062 (S.D. Cal. 2007) (citing *Estrella v. Brandt*, 682 F.2d 814, 820 (9th Cir. 1982). And the Court should not consider such conjecture because, for the purposes of the pending Motion, it is limited to considering only the "facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice." *Id.* at 1062 (*citing Lee v. City of Los Angeles*, 250 F.3d

668, 688-89 (9th Cir. 2001). Considering those alleged facts, documents, and matters of judicial notice alone, Bailey's claims must and do fail.

### 2. The Complaint does not challenge the validity, priority or extent of the lien at issue.

The Response makes several allegations that the Defendants failed to address Bailey's mere recital of Fed. R. Bank. P. 7001(2) as support for the Complaint. To the contrary, it is Bailey's mere recital of the procedural rule that, more than anything else, bolsters the Defendants' argument that they must be dismissed from the Complaint.

Fed. R. Bank. P. 7001(2) states that an adversary proceeding is a proceeding "to determine the validity, priority or extent of a lien or other interest in property…." Bailey, in the Response, admits that the lien at issue here is valid and that he owes money. (Dkt. #20, 15:12-13). Further, Bailey admits in the Complaint and the Response that the Complaint is nothing more than an action "for enforcement of the QWR and for discovery." (Dkt. #20, 2:13-14; Dkt. #1:20-23.)

Moreover, the Complaint is completely devoid of any allegation challenging the validity, priority or extent of the lien at issue. Rather, Bailey's only allegations in the Complaint regarding the Property itself address the Defendant's authority to foreclose on the Property. (Dkt. #1.) Such allegations are insufficient to support an adversary proceeding under Fed. R. Bank. P. 7001(2) and the Defendant's authority to foreclose on the Property was already sufficiently explained. (Dkt. #14, 2-3, 6-7). Bailey presents no argument in the Response sufficient to contest that explanation.

### 3. Lehman has a documented interest in the Property that may be enforced by Wells.

At the time Wells moved to lift the automatic stay in regard to the Property, it inadvertently failed to state that it was the servicer of the Property. However, this is a fact of no consequence. Although Wells' counsel admittedly believed that Wells was the

1 beneficiary of the Promissory Note and Deed of Trust at issue here prior to the filing of the Motion, when they became aware of their mistaken belief they notified the Court in the Motion.

Regardless, as stated in the Motion, Wells had authority to initiate and maintain the Trustee's Sale on behalf of Lehman. *Id*. Bailey does not challenge and even admits that the evidence presented by the Defendants to support Wells' authority, specifically Exhibit A to the Motion, is a portion of the Master Seller's Warranties and Servicing Agreement executed by Wells and Lehman. (Dkt. #20, 12:10-11, 17:12-13. If Bailey's only complaint is that he has not been provided with the entire Master Seller's Warranties and Servicing Agreement, it is a matter of public record easily obtainable at http://www.sec.gov/Archives/edgar/data/1372936/000112528206005786/ b414911_ex99-6.txt among other places.

Bailey's mere conjecture to the contrary does nothing to challenge the supported facts set forth above.

### 4. Bailey offers no legitimate argument in opposition to that set forth by the Defendants in the Motion.

The Motion set forth three arguments supporting the propriety of the Defendants' dismissal from the Complaint. Bailey, in the Response, has done nothing to challenge that propriety.

First, Bailey asserts that the Defendants admitted they were not creditors by stating they had no duty to respond to Bailey's alleged Qualified Written Request ("QWR"). To the contrary, the fact that the Defendants had not duty to respond to the QWR is based on the fact that the Defendants' attorneys, and not the Defendants, were provided with a QWR. *Kee v. Fith Third Bank*, No. 2:06-CV-00602-CW, 2009 WL 735048, at *4 (D.Utah March 18, 2009) (*citing Griffin v. Citifinancial Mortgage Co., Inc.*, No. 3:05cv1502, 2006 U.S. Dist. LEXIS 6709, * 6-7, 2006 WL 266106 (M.D.Penn.

1 Feb. 1, 2006). This fact is admitted by Bailey. (Dkt. #20, 3:9-11.) To assert that this is somehow an admission by the Defendants regarding their ability to foreclose on the Property is an unjustified leap in logic.

Further, upon information and belief, Wells never responded in whole or in part to the QWR regarding the Property. The QWR attached to the Response as Exhibit A is not the same QWR that has been presented as being provided to Wells. (Lead Case No. 2:09-bk-0679-RTBP, Dkt. # 72, Ex. B.) And Bailey has not and cannot assert that the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, provides for a private cause of action to enforce a QWR. It does not.

Second, Bailey sets forth no argument to contest the fact that "a non-judicial foreclosure proceeding is not the collection of a 'debt' for purposes of the [Fair Debt Collection Practices Act]." *Mansour v. Cal-Western Reconveyance Corp.,* 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009) (citing *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883 (D.Minn. 2008)). Nor does Bailey contest the fact that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, does not provide a private cause of action to enforce a Debt Validation Letter.

Third, as set forth above, Bailey makes no legitimate challenge to Wells' authority to initiate and maintain a foreclosure action.

**II.     Conclusion**

For the foregoing reasons, Wells and Lehman respectfully request that the Court dismiss them from the Complaint with prejudice.

/ / /

/ / /

/ / /

RESPECTFULLY SUMITTED this 26th day of February, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Leonard J. McDonald, Jr.
    Leonard J. McDonald
    Kevin P. Nelson
    2525 E. Camelback Road, 3rd Floor
    Phoenix, Arizona 85016-4237
    *Attorneys for Defendant Wells Fargo Bank and Lehman Brothers Bank, FSB*

ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, this 26th day of February, 2010, and a copy mailed the 26th day of February, 2010 to:

ANDREW C. BAILEY
2500 N PAGE SPRINGS RD
CORNVILLE, AZ 86325

/s/ *Paula D. Hillock*

7000-003/425807